# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephan Nicholas Holmes, | Case No. 23-cv-2186 (KMM/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| County of Ramsey; Ramsey County Public Health, Correctional Health; Kristen, Ramsey County ADI Correction Health Supervisor; Dr. Van Vraaken, Correctional Health Med. Director; Lt. Rodriguez, Director of Ramsey County Jail; Jane Does 1-12; and John Does 1-12, | |
| Defendants. | |

This matter is before the Court on Plaintiff Stephan Nicholas Holmes's April 29, 2024 self-styled Motion to Reinstate Civil Suit ("Motion") (ECF No. 8). The Motion is Mr. Holmes's first communication with the Court since he filed his Complaint (ECF No. 1) and application to proceed *in forma pauperis* status (ECF No. 2) on July 21, 2023.

On September 5, 2023, the Court recommended that this matter be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute ("Report and Recommendation") (ECF No. 5) after Mr. Holmes failed to comply with the Court's Order to pay an initial partial filing fee by August 14, 2023 (ECF No. 4). District Judge Katherine M. Menendez adopted the Report and Recommendation and dismissed this matter without prejudice on November 28, 2023 (ECF No. 6), and the Clerk of Court entered Judgment dismissing this action on November 29, 2023 (ECF No. 7). Mr. Holmes's deadline to bring a motion to alter or amend the Judgment expired December 27, 2023. *See* Fed. R. Civ. P. 59(e).

1

Now, nearly six months after the Court dismissed this action, Mr. Holmes asks the Court to "reinstate [his] civil suit" because he was in the process of transferring prisons and did not get certain paperwork "for 30-40 day[s] late" and "had a lot of health stuff going." (ECF No. 8.)  But he does not identify what papers he received late or describe his alleged health condition, and he offers no explanation as to when the alleged transfer occurred or why it took him so many months after he received the papers to finally contact the Court regarding his transfer or the status of his case.  Finally, the Court observes that Mr. Holmes's address, as reflected in the return address on the envelope attached to his initial Complaint on July 21, 2023 (ECF No. 1-2), is the same address as that attached to his current Motion (ECF No. 8-1).

The Court may relieve a party from a final judgment if the party establishes:  mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; a showing that the judgment is void or has been satisfied; or for any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  The Court finds Mr. Holmes has not established excusable neglect or any other good cause to reinstate these proceedings under Rule 60(b).  The Court therefore recommends that his Motion be denied.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Stephan Nicholas Holmes's self-styled Motion to Reinstate Civil Suit (ECF No. [8]) be **DENIED**.

Dated: May 3, 2024

s/ Dulce J. Foster
DULCE J. FOSTER
United States Magistrate Judge

2

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).