# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephan Nicholas Holmes, | Case No. 23-cv-2186 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| County of Ramsey; Ramsey County Public Health, Correctional Health; Kristen, Ramsey County ADI Correction Health Supervisor; Dr. Van Vraaken, Correctional Health Med. Director; Lt. Rodriguez, Director of Ramsey County Jail; Jane Does 1-12; and John Does 1-12, | |
| Defendants. | |

This matter is before the Court on petitioner Stephan Nicholas Holmes's motion to reinstate his civil complaint. [ECF No. 8].

Mr. Holmes initially filed this lawsuit on July 21, 2023 against numerous parties, alleging violations of his civil rights. [Compl., ECF No. 1]. In a Report and Recommendation ("R&R") dated September 5, 2023, United States Magistrate Judge Dulce J. Foster recommended dismissing Mr. Holmes's petition without prejudice pursuant to Fed. R. Civ. P. Rule 41(b) for failure to prosecute. [R&R (Sept. 5, 2023), ECF No. 5]. Judge Foster found that Holmes failed to prosecute this action because he never submitted the initial partial filing fee and failed to communicate with the Court about his case since commencing the action. Mr. Holmes did not object to Judge Foster's September 5th R&R. The Court agreed with Judge Foster's recommendation, accepted the R&R, and dismissed the action without prejudice on November 28, 2023. [Order, ECF No. 6]. The Clerk entered Judgment the following day and the matter was closed. [Judgment, ECF No. 7].

Five months after the date of Judgment, Mr. Holmes filed a motion asking the Court to reopen this matter and allow him to proceed, which the Court liberally construes as a motion for relief from judgment under Fed. R. Civ. P. 60. [ECF No. 8]. In support of his motion, Mr. Holmes states that he "was in the process of transfer[ing] prisons" and he "didn't get certain paperwork for 30–45 days late and had a lot of health stuff going on that put [him] under a lot of mental distress at the time." *Id.* Judge Foster issued a second R&R recommending that Mr. Holmes's motion to reinstate this case be denied. [R&R (May 3, 2024), ECF No. 9].

Mr. Holmes objects to Judge Foster's May 3rd R&R recommending that the motion to reinstate the case be denied. [ECF No. 10]. Mr. Holmes reiterates that his paperwork was received late as a result of his move back to MCF Oak Park Heights from MCF Rush City prison. [ECF No. 10 ¶ 3–4]. Further, he asserts that he was going through an "extreme amount of emotional distress and depression as a result of being sleep deprived by having to sleep in [his] wheelchair." [*Id.* ¶ 5]. Lastly, Mr. Holmes asserts that he was also "dealing with a lot of pain due to the lack of accommodations and needed physical therapy and meds." [*Id.* ¶ 6].

The Court has carefully considered Mr. Holmes's motion, and though the Court sympathizes with the difficulties Mr. Holmes has encountered, his motion is denied. Federal Rule of Civil Procedure 60(b) allows a party to obtain relief from a final judgment, like the one entered in this case, and reopen the proceedings "under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In addition to the more specific reasons why relief from a judgment may be entered under Rule 60(b)(1)–(5), under Rule 60(b)(6) a case may be reopened when the movant shows "any . . . reason justifying relief from the operation of the judgment." *Id.* at 528–29 (quotation omitted). But relief under the "catchall" provision of Rule 60(b)(6) is available only under "extraordinary

circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez*, 545 U.S. at 535); *see also Schwieger v. Farm Bur. Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (referring to "exceptional circumstances"). For exceptional circumstances to exist they must "'have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Mo. Dep't. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

The motion does not establish any of the grounds for relief from a judgment under Rule 60(b)(1)–(5), nor does it present exceptional circumstances under Rule 60(b)(6). For example, the motion does not suggest that the judgment is the result of fraud or mistake, nor that it should be vacated due to newly discovered evidence. And though the Court does not doubt that a lack of stability as a result of prison transfers and health issues can interfere with a litigant's ability to pursue a case, Mr. Holmes has not shown exceptional circumstances due to those issues in this case.

Although Mr. Holmes may have received Judge Foster's Order to pay the initial filing fee at least 45 days late, that does not provide a legitimate justification for why it took Mr. Holmes so long to communicate with the Court regarding his petition. Indeed, even after those 45 days had passed, Mr. Holmes did not file anything in response to receiving that Order, did not object to the September 5th R&R, and did not seek relief from the judgment for five months after its entry. In addition, other factors played a role in Mr. Holmes's lack of prosecution in this matter that do not justify the exceptional relief of reopening his case—he indicates that he was busy addressing three to four additional lawsuits during this period. This weighs against a finding that circumstances beyond his control denied him a full and fair opportunity to litigate his case. Accordingly, the

4

May 3rd R&R [ECF No. 9], is **ACCEPTED**, Mr. Holmes's objection [ECF No. 10] is **OVERRULED**, and the motion to reopen this proceeding [ECF No. 8] is **DENIED**.

Date: June 17, 2024                              *s/Katherine Menendez*
                                                                    Katherine Menendez
                                                                    United States District Court